IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PETER BANKS                                                                    PLAINTIFF

v.                              Case No. 4:20-cv-00182 KGB

MICHAEL MOORE, individually and in
his official capacity as a police officer for
the City of England, Arkansas                                            DEFENDANT

<u>ORDER</u>

Plaintiff Peter Banks has subpoenaed Judge Sandy Huckabee of the 23rd Judicial Circuit

Court in Lonoke County, Arkansas, for a deposition on January 29, 2021, at 10:00 a.m. (Dkt. No.

17).  Before the Court is Judge Huckabee's motion to quash the subpoena (Dkt. No. 24).  Mr.

Banks has responded to the motion to quash, and Judge Huckabee has replied to the response (Dkt.

Nos. 27, 28).  For the following reasons, the Court grants Judge Huckabee's motion to quash (Dkt.

No. 24).

I.        Background

In his amended complaint, Mr. Banks asserts claims of assault; malicious prosecution;

abuse of process; violations of his rights under the First and Fourth Amendments of the United

States Constitution; and violations of his substantive and procedural due process rights under the

United States Constitution stemming from defendant Michael Moore, who at the time was a police

officer for the City of England, Arkansas, arresting him and taking his blood (Dkt. No. 8, ¶¶ 1, 3).

He also alleges violations of his constitutional rights under the Arkansas Constitution, as well as

claims under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act of 1993 (*Id.*).

Judge Huckabee is not a party in the case.  He did, however, sign a search warrant

permitting officers to draw blood from Mr. Banks (Dkt. No. 24, ¶ 4).  Mr. Banks alleges that

Officer Moore took his blood without a "proper" warrant (Dkt. No. 8, ¶ 25). He complains that Officer Moore "fabricated an affidavit which was false. Defendant falsely swore that Plaintiff was intoxicated, and he was not. He falsely alleged he had probable cause to pull over Banks, but City video indicates he did not." (*Id.*, ¶ 23).

At his deposition, Officer Moore testified that he presented the affidavit to Judge Huckabee himself at a gas station in Cabot, Arkansas (Dkt. No. 24-1 at 10-11). He stated, "[w]e talked about it. He said there was a case in -- in Conway where blood was drawn on an individual that was sitting in the middle of the highway. There was no drive -- any way he said that case law, Arkansas Supreme Court held up Conway's decision. He felt comfortable in signing this. I told him what we had. Someone -- any way he signed the warrant and so the judge signed it and I came back down, made copies, and then made sure that the rest of the situation was handled as professionally as possible." (*Id.* at 11).

In support of his motion to quash, Judge Huckabee states that he "has no personal knowledge or recollection of the events at issue in the case at hand." (Dkt. No. 25, at 1). Judge Huckabee asserts that the subpoena seeks information protected by judicial privilege (Dkt. Nos. 24, ¶ 6; 25, at 2-5). He also argues that the subpoena is an undue burden because he has drug court scheduled for the day he is to be deposed; the information Mr. Banks seeks is not necessary; and, even if the information sought is necessary, it can be obtained from other sources (Dkt. No. 25, at 6). Judge Huckabee claims that Mr. Banks can look to video evidence from the jail showing when Officer Moore left the jail and returned to the jail; other witnesses who saw Officer Moore coming and going from the jail; and metadata from the computer program used from Officer Moore to type the affidavit and warrant to obtain information about the timing of the signing of the affidavit and warrant.

Mr. Banks responds that he wants to depose Judge Huckabee because "[t]he easiest and quickest way to find out when and where the defendant appeared before the judge is to ask the judge in the absence of a record." (Dkt. No. 27, ¶ 1).  Mr. Banks claims that there is "conflicting evidence about whether or not the appearance before the judge was at 6:00 a.m. on a Sunday morning, or not." (*Id.*).  He also contends, without citing to evidence in the record, that "[t]here is evidence that 6:00 a.m. in the morning that Michael Moore was in the City of England – not the City of Cabot." (*Id.*).  He also states that "the warrant itself appears to have two inks for the signature and the time, and there is no original." (*Id.*).  The face of the warrant indicates it was signed at 6:00 a.m. in Lonoke County, Arkansas (Dkt. No. 24, at 4-5).

## II.    Legal Analysis

Judge Huckabee seeks to quash the subpoena on two grounds.  First, he argues that the subpoena seeks information protected by judicial privilege (Dkt. No. 25, at 2-5).  Second, he contends the subpoena constitutes an undue burden (*Id.*, at 5-7).

Federal Rule of Civil Procedure 45(d)(3) provides that a court must quash or modify a subpoena that "(iii) requires disclosure of privileged or protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998); *see also Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir.1994) (nonparties are afforded "special protection against the time and expense of complying with subpoenas")).

Judge Huckabee argues that Mr. Banks's subpoena seeks testimony subject to judicial privilege.  He points out that, in *United States v. Morgan*, the United States Supreme Court made

it clear that a judge cannot be required to testify regarding his mental process in formulating an official judgment.  313 U.S. 409, 422 (1941); *see also Cavitt v. Wills*, No. 2:06MC42, 2006 WL 3792046, at \*1 (W.D. Ark. 2006) ("The overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties.").  The Court agrees.  To the extent that Mr. Banks seeks to depose Judge Huckabee regarding to his mental process leading to his signing the search warrant, such testimony is privileged.

Mr. Banks responds, however, that he seeks to depose Judge Huckabee on the factual matter of  "when and where the Defendant [Moore] appeared before the judge." (Dkt. No. 27, ¶ 1).  To support his claim, Mr. Banks asserts that his case is like another case from this District where United States District Judge Leon Holmes denied a motion to quash (*Id.*).  *See Green v. Byrd*, 2:17-cv-33-JLH (Dkt. No. 77).  Plaintiff Deandre Green was arrested by defendant Charles Byrd, a police officer with the City of Helena-West Helena, in Phillips County, Arkansas.  *Id.* (Dkt. No. 77, at 1).  After the arrest, officers transported Mr. Green to Ashley County, Arkansas, and detained him.  *Id.*  Mr. Green asserted that he did not receive an initial appearance within 72 hours of his arrest and remained detained for several months before he was released.  *Id.*  He filed a complaint under to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act of 1993 claiming that a City policy was responsible for him not receiving timely an initial appearance.

Mr. Green subpoenaed Judge Reid Harrod, an Ashley County, Arkansas, District Court judge, for a deposition.  *Id.*  Judge Harrod, a nonparty, filed a motion to quash.  *Id.* (Dkt. No. 77, at 2).  He argued that he had no personal knowledge or recollection of the events at issue in the case.  He also argued that appearing for a deposition would be an undue burden because the information sought was either part of the record or available through other sources, would require

him to violate the Arkansas Code of Judicial Conduct, and would likely result in the examination of his mental processes which are protected from scrutiny.  *Id.* (Dkt. No. 77, at 2-3).

United States District Judge Leon Holmes found that Judge Harrod had information relevant to the lawsuit.  Specifically, Judge Holmes found that Judge Harrod had already provided an affidavit in the case in which he attested to his signature on a first appearance form indicating that Mr. Green had appeared before him, that defendant Byrd intended to use the affidavit to obtain summary judgment, and that defendant Byrd had filed an amended pre-trial information sheet naming Judge Harrod as a trial witness.  *Id.* (Dkt. No. 77, at 3, 5).  Judge Holmes concluded that, "Judge Harrod has not shown that sitting for the deposition might require the disclosure of privileged or other protected matters or, alternatively, likely subjects him to an undue burden."  *Id*.  Judge Holmes, therefore, denied Judge Harrod's motion to quash.  *Id*.

The facts of this case are not like those in *Green*.  On the record before the Court, Judge Huckabee has not admitted having any nonprivileged information relevant to this lawsuit, has not provided either party with an affidavit, and has not waived his judicial privilege.  Further, in this case based on the current record before the Court there appear to be other avenues Mr. Banks can explore to determine when and where Officer Moore met with Judge Huckabee.

**III.    Conclusion**

Judge Huckabee has established that compliance with the subpoena would require disclosure of privileged or protected matter, and there is no indication on this record that he has waived the privilege.  Further, he has established that compliance with the subpoena would be an undue burden.  Accordingly, the Court grants Judge Huckabee's motion to quash (Dkt. No. 24).

So ordered this 28th day of December, 2020.

_____
Kristine G. Baker
United States District Court Judge